**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-1425
_____

MICHAEL BALICE,

Appellant

v.

UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-17-cv-10291)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 20, 2019

Before:  MCKEE, COWEN and RENDELL, Circuit Judges

(Opinion filed: September 9, 2019)

_____

OPINION[*]

_____

**PER CURIAM**

Michael Balice appeals from an order of the United States District Court for the District of New Jersey, which dismissed his complaint for failure to state a claim upon which relief could be granted. We will affirm the District Court's judgment.

Balice's complaint alleged that agents and officers of the United States (presumably of the Internal Revenue Service) violated the law by "improperly and unlawfully seizing [his] property without statutory authority under IRC §§ 7608(a) and 6502(b); by blatantly forging lien documents through the unauthorized use of the signatures of other uninvolved persons; by the entry of fraudulent data and information into the IRS computer systems; and by refusing to 'subscribe' substitute for return documents as plainly required by law under IRC § 6020(b)(2)." Dkt. #1 at 1.

The District Court granted Balice leave to proceed in forma pauperis, and then, in an order entered on January 15, 2019, the Court sua sponte issued an order dismissing Balice's complaint pursuant to Federal Rule of Civil Procedure 8(a)(2), Rule 12(b)(6), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), for failure to state a claim upon which relief could be granted. The Court stated that Balice's "potential causes of action [we]re unclear," and that the facts of his Complaint were insufficient. Dkt. #11 at 1. The Court

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

noted that Balice's complaint failed to "identify the property at issue, the nature of the forgery, or the allegedly fraudulent acts," and that despite passing reference to two individuals by name, "he also fail[ed] to adequately identify the 'agents and officers' who committed the alleged crimes." Id. at 1 n.1. Balice timely appealed.

We have jurisdiction under 28 U.S.C. § 1291 and our review of the District Court's sua sponte dismissal of Balice's complaint for failure to state a claim is plenary, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

A complaint that is filed in forma pauperis under 28 U.S.C. § 1915(a) must be dismissed "at any time" if the District Court determines that it "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2) calls for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). We agree with the District Court that Balice's complaint does not meet those requirements. The complaint does not include any specifics of what happened, when it happened, or who did the actions alleged in the complaint. And "the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." Iqbal, 556 U.S. at 686. See also Renfro v. Unisys Corp., 671 F.3d 314, 320 (3d Cir. 2011) (explaining that blanket assertions and conclusory statements are not well-pleaded factual allegations, and

3

by themselves do not suffice to show a claim to relief that rises above the speculative

level).

As dismissal under 28 U.S.C. § 1915(e)(2) was appropriate, we will affirm the judgment of the District Court.[1]

---

[1] The District Court did not abuse its discretion in failing to give Balice an opportunity to amend his complaint before dismissing it sua sponte because amendment would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 112 (3d Cir. 2002). As the Government explains in its brief, Balice's complaint suffers from many flaws that could not be mitigated by amendment, in any event. For example, although Balice claimed in his complaint that relief was authorized by I.R.C. § 7433, even if he were to establish that IRS employees violated the law, damages under that section are authorized only if the action is brought within two years after the date that the action accrues, see I.R.C. § 7433(d)(3), and only if the plaintiff has exhausted administrative remedies regarding the claim, see § 7433(d)(1). Although Balice did not include dates in the body of his complaint, the exhibits that he submitted with the complaint, which presumably are meant to reflect the actions of which he complains, are all dated more than two years before he filed the complaint. And he does not allege that he exhausted administrative remedies. Further, we agree with the Government that if Balice is complaining about the IRS's assessments against him for the years 2007 and 2008, and the sale of his residence in satisfaction of those liabilities, then his claims are barred by prior litigation between Balice and the Government.